**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

KIMBERLY SUE MEADOWS,

     Defendant - Appellant.

No. 19-4071

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:17-CR-00749-CW-1)**
_____

Submitted on the briefs.[*]

Scott Keith Wilson, Federal Public Defender, and Bretta Pirie, Assistant Federal Public Defender, District of Utah, Salt Lake City, Utah, for Defendant-Appellant.

John W. Huber, United States Attorney, Jennifer P. Williams, Assistant United States Attorney, District of Utah, Salt Lake City, Utah, for Plaintiff-Appellee.
_____

Before **HARTZ**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

**MORITZ**, Circuit Judge.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Kimberly Meadows appeals the district court's denial of her motion to suppress evidence obtained during a traffic stop, arguing that the officer's stop was unreasonable because it was based on probable cause of a Utah equipment violation and the state has decriminalized such violations. For the reasons discussed below, we reject her argument and conclude that the officer's stop was reasonable regardless of whether Utah has decriminalized such violations. Accordingly, we affirm the district court.

**Background**

On December 4, 2017, a Utah highway-patrol officer pulled Meadows over after he observed that tinted glass obscured the brake light inside the rear window of her car, which he believed violated Utah law. He issued Meadows a warning citation for an equipment violation under Utah Code Ann. § 41-6a-1601(1). During the stop, he found drugs and drug paraphernalia.

Meadows moved to suppress the evidence discovered during the traffic stop. As relevant here, she argued that the stop was unreasonable because changes to Utah law (1) decriminalized equipment violations and (2) made it impossible for her to have violated Utah traffic law at the time of the stop. The district court denied the motion. Meadows then pleaded guilty to one count each of possession of methamphetamine and cocaine with intent to distribute, and she reserved her right to appeal the order denying her motion to suppress. *See* 21 U.S.C. § 841(a)(1). She now appeals.

2

We review de novo legal issues in a district court's decision on a motion to suppress. *United States v. Easley*, 911 F.3d 1074, 1079 (10th Cir. 2018). This appeal presents two such issues: the district court's interpretation of state law, *United States v. DeGasso*, 369 F.3d 1139, 1144 (10th Cir. 2004), and "the ultimate determination of reasonableness under the Fourth Amendment," *United States v. Polly*, 630 F.3d 991, 996 (10th Cir. 2011) (quoting *United States v. Eckhart*, 569 F.3d 1263, 1270 (10th Cir. 2009)).

On appeal, Meadows does not contest the district court's conclusions that Utah law does not permit tinted glass to cover a brake light or that the officer had probable cause to believe tinted glass covered her rear-window brake light. Instead, she argues that traffic stops are unreasonable if, like this one, they are premised on noncriminal violations or the driver could not have been "guilty" of the violation at the time of the stop.

In arguing that traffic stops based on noncriminal violations are unreasonable, Meadows first suggests that Utah decriminalized equipment violations such as the one at issue here. Prior to 2017, violations of § 41-6a-1601 were simply criminal infractions. Utah Code Ann. § 41-6a-1601(1)(a), (7) (2015); *see* Utah Code Ann. § 76-3-102. But in 2017, Utah added a caveat that while such a violation "is an infraction," it is now "[s]ubject to [§] 53-8-209(3)." § 41-6a-1601(7); *see* Vehicle Registration and Inspection Amendments, 2017 Utah Laws 612, 614 (the Vehicle Amendments). And under that new provision, a vehicle's owner or driver "is not

3

guilty of an infraction . . . if the citation was issued for . . . a violation of . . . [§] 41-6a-1601 . . . and the owner or driver obtains a safety inspection, emissions inspection, or proof of repair, as applicable, within 14 days after the citation was issued." Utah Code Ann. § 53-8-209(3)(b); *see* Vehicle Amendments at 615. Thus, Meadows reasons, these legislative changes "decriminalized equipment violations." Aplt. Br. 22. From this conclusion, Meadows then argues that the stop here was unreasonable because brief investigatory detentions under *Terry v. Ohio*, 392 U.S. 1 (1968), are reasonable only if based on suspected criminal wrongdoing.

We agree with Meadows that *Terry* usually requires some suspected criminal violation. *See*, *e.g.*, *United States v. McHugh*, 639 F.3d 1250, 1255 (10th Cir. 2011) (describing general standard for *Terry* stops). But, as the Supreme Court explained in *Whren v. United States*, traffic stops are unique: "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a *traffic violation* has occurred." 517 U.S. 806, 810 (1996) (emphasis added). In *Whren*, the police officers had probable cause to believe the driver violated District of Columbia traffic-code provisions that prohibited operating a vehicle at unreasonable speeds, without signaling, or while paying too little attention to the task at hand. 517 U.S. at 810, 819. And although the Court characterized these as "civil traffic violation[s]," it nevertheless concluded that the officers acted reasonably when they stopped the vehicle based on probable cause that the driver committed the violations. *Id.* at 808, 819.

4

Moreover, since *Whren* the Supreme Court has not suggested that there is any distinction between civil and criminal traffic infractions for Fourth Amendment purposes. In *Arizona v. Johnson*, the Supreme Court held that officers may pat down passengers during an otherwise lawful traffic stop, even if the stop is not based on any suspected wrongdoing by the passengers. *Arizona*, 555 U.S. 323, 331–32 (2009). Although the lawfulness of the stop itself was not at issue, the opinion noted that the officers had stopped the driver for a "civil infraction warranting a citation." *Id.* at 327. Likewise, in *United States v. Winder*, we cited *Whren* when we held that officers may stop a driver for any "observed traffic violation." 557 F.3d 1129, 1135 (10th Cir. 2009). In that case, the officer observed the defendant speeding. *Id.* And in doing so, we explained that reasonable suspicion that a driver violated "any of the traffic or *equipment regulations* of the jurisdiction" can justify a traffic stop. *Id.* at 1134 (emphasis added). Thus, like the stop in *Whren*, the officer's stop here was reasonable because it was based on a suspected traffic violation.

Nevertheless, Meadows attempts to distinguish *Whren* by arguing that "the driver was guilty of *something* at the time of the traffic stop," regardless of whether the infraction was criminal. Rep. Br. 5. By contrast, she argues, § 53-8-209(3) operates so that an infraction requires both that an equipment violation has occurred and that 14 days have elapsed without inspection or repair. Thus, Meadows concludes, the stop was unreasonable because "[a]n equipment violation is not an infraction when it is discovered, and [it] will never become one if the problem is addressed in 14 days." Aplt. Br. 18.

5

But Meadows overlooks the statute's explicit language providing that an equipment violation "*is* an infraction." § 41-6a-1601(7) (emphasis added). And Utah law permits a driver to avoid that infraction if he or she "obtains a safety inspection, emissions inspection, or proof of repair, as applicable," within 14 days. § 53-8-209(3). In other words, it is not that a driver has not committed an infraction *until* the 14 days have passed; rather, the driver has committed an infraction *unless* he or she obtains inspection or repair. Thus, an officer can develop probable cause of the infraction before the 14-day period has elapsed.

Finally, Meadows urges us to "not extend the rule in *Whren* to civil offenses like those at issue here" because doing so will increase officers' authority to make more stops and do so on pretextual, unconstitutional grounds. Rep. Br. 8. But as explained above, we have not extended *Whren* because it applies to traffic infractions like the one at issue here. Further, we note that the Supreme Court in *Whren* rejected a similar argument about officers using a traffic violation as a pretext to make a stop where, like here, the stop is justified by probable cause of a traffic violation. 517 U.S. at 811–13.

Since the officer's stop was reasonable, we need not reach the government's alternative argument that the good-faith exception applies to these circumstances.

## Conclusion

Because we find that officers may initiate a traffic stop based on probable cause of a Utah equipment violation—even assuming Utah decriminalized that

6

violation—the traffic stop here was reasonable. Accordingly, we affirm the district court's order denying Meadows's motion to suppress.